IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 5, 2022 Session

## ISAAC D. WALKER v. ROBERT L. MCMILLIN ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 13C3420        Joseph P. Binkley, Jr., Judge

_____

### No. M2020-01507-COA-R3-CV
_____

This appeal arises from the summary dismissal of a negligence action filed by a plaintiff-motorist against a truck driver and the driver's employer. The plaintiff alleged that he was injured in a single-vehicle accident on Interstate 24 in Nashville, Tennessee, when he swerved to avoid tire debris from the truck driver's trailer. The plaintiff further alleged that the truck driver and his employer were negligent in the maintenance and inspection of the vehicle, and that the truck driver acted negligently by leaving the debris on the roadway without attempting to retrieve it, warn other motorists, or call law enforcement. After discovery, the defendants moved for summary judgment on all claims. The trial court granted the motion in part, finding no evidence that the tire blowout was caused by a failure in the maintenance and inspection of the tire. The court also found no evidence that the truck driver's failure to call law enforcement caused the accident. But the court asked for supplemental briefing on whether a driver has a common-law duty to remove from a roadway tire debris that came from his vehicle and/or a duty to warn motorists of the debris. After additional briefing and a second hearing, the court summarily dismissed that claim as well, ruling that the defendant truck driver had no duty as a matter of law to attempt to retrieve the tire from the interstate highway and that there were no facts to support a finding that the defendant driver had sufficient time to do so. The plaintiff subsequently filed a motion to alter or amend, arguing that he was entitled to the benefit of an adverse inference for spoliation of evidence as a discovery sanction because the defendants failed to preserve the blown tire. The trial court denied the motion, reasoning that the plaintiff knew about the potential spoliation issue for six years and failed to raise it in his response to the motion for summary judgment. This appeal followed. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Erik Wayne Benton, Nashville, Tennessee, and Donald Kelly Vowell, Knoxville, Tennessee, for the appellant, Isaac D. Walker.

Julie Bhattacharya Peak and Owen Randolph Lipscomb, Brentwood, Tennessee, for the appellees, Robert L. McMillin and Southern Recycling, LLC.

## OPINION

On July 30, 2013, Isaac D. Walker[1] ("Plaintiff") was seriously injured in a single-car accident that occurred at approximately 1:29 p.m. on Interstate 24 in Nashville, Tennessee. Plaintiff's only memory of the accident was seeing a tire tread on the highway in front of him.[2] Eyewitnesses reported that tire debris was in the road, and when Plaintiff swerved to avoid the debris, his vehicle flipped and Plaintiff was ejected from the vehicle.

A few minutes before Plaintiff's accident, a truck owned by Southern Recycling, LLC, and operated by its employee, Robert McMillin, had a tire blowout where Plaintiff crashed. When the blowout occurred, Mr. McMillin slowed and proceeded to pull onto the shoulder; however, his vehicle traveled a considerable distance, perhaps as much as one-half mile, before stopping. As a consequence, the tire debris was a considerable distance from where Mr. McMillin stopped his vehicle. After stopping, Mr. McMillin promptly set out warning triangles around his truck and called Southern Recycling's tire service provider, Best One Tire & Service, as well as his employer. While sitting in the cab of his truck waiting for Best One to arrive, Mr. McMillin observed a large cloud of dust in his rearview mirror, at which time he called 911 to report the accident.

One month later, Plaintiff commenced this action by filing his Complaint against Mr. McMillin and Southern Recycling, LLC ("Defendants"). Defendants answered the Complaint and generally denied liability. Plaintiff then sent Defendants an evidence preservation notice, asking Defendants to preserve relevant evidence, including but not limited to "the tires which were on [Mr. McMillin's truck]." Defendants later produced and provided Plaintiff with a copy of Best One's repair records, which showed Mr. McMillin's old tire was sent back to the Best One repair shop. For reasons that are not explained in the record, Mr. McMillin's old tire was not preserved.

---

[1] Plaintiff is identified as both "Isaac D. Walker" and "Isaac O. Walker" in the record.

[2] Plaintiff has limited memory of the accident. He does not recall how much of the tire was in the road and does not know how it got there. He does remember that the tire debris was stationary in the roadway, stating that "the tire was in the middle of—laying in the road, and I just hit it."

Plaintiff then hired a forensic engineer, Steven Koontz, to inspect Mr. McMillin's trailer. Mr. Koontz, however, could not determine what caused the tire failure without inspecting the old tire.

The parties continued with discovery and, in July 2017, Plaintiff filed a Fourth Amended Complaint that asserted a negligence claim against Mr. McMillin based on several allegations[3]:

16. The Defendant, Robert McMillin was negligent in the following particulars, among others:

   a) Negligently failing to maintain the tires on the trailer of the tractor truck, leading to tire failure in violation of [Federal Motor Carrier Safety Regulation ("FMCSR")] §396:11;

   b) Failure to perform pre-trip inspection of the vehicle in violation of FMCSR §396.11;

   c) The Defendant operated the vehicle he was driving in a willful and wanton disregard for the safety of persons and property in violation of T.C.A. [§] 55-10-205;

   d) Defendant McMillin immediately after the tire blowout called Best One Tire & Service for tire service. While awaiting tire service Defendant McMillin left the retreaded tire carcass in the roadway for seven (7) to eight (8) minutes without placing reflective triangles to warn other motorists to avoid the scene or attempt to safely retrieve the tire tread from the roadway in violation of T.C.A. § 55-8-136. The Defendant failed to call local police, the Tennessee Highway Patrol or any other governmental personnel and inform them of the tire carcass in the roadway.

In July 2020, Defendants moved for summary judgment on all claims. After a hearing, the court granted summary judgment in part. The court found, *inter alia*, that Plaintiff could not establish his claim of negligence based on the alleged failure to maintain the tire because there was no evidence of what caused the tire to fail. The court also found that Plaintiff could not prove Mr. McMillin's failure to notify law enforcement caused the accident because there was no evidence that law enforcement would have arrived before

_____

[3] Plaintiff asserted that Southern Recycling was vicariously liable for Mr. McMillin's actions as well as directly negligent in other regards. Those claims are not at issue on appeal.

the accident occurred. With regard to Mr. McMillin's failure to retrieve the tire debris and warn other motorists, the court found that Tennessee Code Annotated § 55-8-136 was inapplicable.[4] Nonetheless, the court asked the parties to submit supplementary briefs on two issues: (1) whether the Complaint stated a claim for common-law negligence based on Mr. McMillin's failure to retrieve the debris carcass and warn others and, if so, (2) whether summary judgment was appropriate on that claim.

Plaintiff then filed a "Motion for Reconsideration and for Curative Action." In that motion, Plaintiff alleged for the first time that Defendants breached their duty to preserve Mr. McMillin's old tire in violation of Tennessee Rule of Civil Procedure 34A.02, and Plaintiff asserted that he was entitled to a curative jury instruction under Rule 37.02. Accordingly, Plaintiff asked the court to reconsider its decision to grant summary judgment under Tennessee Rule of Civil Procedure 54.02. Defendants and Plaintiff also submitted supplemental briefing on whether summary judgment was appropriate on the common-law negligence claim based on Mr. McMillin's alleged failure to retrieve the tire debris.

After another hearing, the trial court entered orders denying the Motion for Reconsideration and granting summary judgment on the common-law negligence claim. As for the Motion for Reconsideration, the court noted that Plaintiff's counsel had known about the potential spoliation issue since 2013 but provided "no explanation, argument or affidavits to demonstrate why the new evidence and spoliation theory was not raised before

---

[4] Tennessee Code Annotated § 55-8-136 provides:

(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

(b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally using or legally parked or legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder or berm.

(c) A violation of this section is a Class C misdemeanor.

the hearing on Defendants' motion for summary judgment." As a result, the court found that Plaintiff's motion was "simply . . . too late."

As for the common-law negligence claim, the trial court found summary judgment was appropriate because there were only 5 to 7 minutes between the tire blowout and Plaintiff's accident, and retrieving the tire would have required Mr. McMillin to walk into traffic on an interstate highway. Thus, the court concluded that "there was no duty for Defendant McMillin to retrieve the tire debris from I-24 as a matter of law when weighing the foreseeability of injury to third person[s]; the gravity of the harm to Defendant and others, including Plaintiff; and the burden on the Defendant in doing so."

This appeal followed.[5]

## ISSUES

Plaintiff raises eight issues on appeal, which we have restated and consolidated.[6] Plaintiff's three issues concerning the trial court's decision to summarily dismiss his

---

[5] On appeal, Plaintiff has not challenged the trial court's rulings related to the individual claims against Mr. McMillin's employer, Southern Recycling, LLC. As a consequence, Southern Recycling's potential liability is limited to vicarious liability for the conduct of its employee, Mr. McMillin. Further, Plaintiff has not appealed the dismissed claims that (1) Mr. McMillin failed to conduct a pre-trip inspection and (2) Mr. McMillin negligently operated his vehicle in violation of Tennessee Code Annotated § 55-10-205.

[6] Plaintiff's issues read as follows:

1. Whether a person who allows, causes, leaves or creates a hazardous condition on a public roadway has a common law duty to remove the hazard and/or to give warning of the hazard, for example by placing triangles at or near the hazard; and whether this principle applies to hazards on the interstate highway system.

2. Whether the trial court erred in ruling that there was no common law duty to remove the hazard (tire carcass/debris) from the roadway in the case at bar.

3. Whether, in making this ruling, the trial court improperly weighed the evidence.

4. Whether the trial court impermissibly weighed the evidence and substituted its judgment for that of the jury when it ruled that the "limited time of 5–7 minutes" was not sufficient, as a matter of law, to allow Mr. McMillin to remove the tire carcass/debris from the highway, when there was incontrovertible evidence that the relevant time period was substantially longer than 5–7 minutes and in any event there was a disputed question of fact as to whether the time available would have been

- 5 -

negligence claim based on Mr. McMillin's failure to remove the tire debris or warn others are restated as follows: (1) Plaintiff contends the trial court erred by "ruling that there is no common law duty to remove the tire carcass from the roadway"; (2) Plaintiff argues that the trial court erred by ruling that Mr. McMillin, in particular, had no duty to remove the tire debris from Interstate 24 or warn others about its presence; and (3) Plaintiff maintains that the trial court erred by ruling that Plaintiff could not establish that Mr. McMillin's failure to remove the debris or warn others caused Plaintiff's accident. Plaintiff also contends the trial court erred by denying his Motion for Reconsideration in which he asked the court to award discovery sanctions under Tennessee Rule of Civil Procedure 34A.02 due to Defendants' failure to preserve the tire.

Defendants identify eight issues that are similar to those raised by Plaintiff. Defendants' issues, as we have restated and consolidated, are: (1) whether Plaintiff's Fourth Amended Complaint states a claim of common-law negligence for failure to retrieve the tire tread or to warn; (2) whether a common-law duty existed that required Mr. McMillin to enter the interstate highway as a pedestrian to remove the tire debris and, if so, whether Plaintiff presented competent evidence establishing that Mr. McMillin

---

sufficient for Mr. McMillin to remove the carcass/debris and/or place triangles near the carcass/debris or otherwise warn oncoming motorists.

5.  Whether the trial court impermissibly weighed the evidence and substituted its judgment for that of the jury when it ruled as a matter of law that Plaintiff "cannot establish causation" as to Mr. McMillin's failure to call the police after the accident because "Plaintiff has presented no evidence of incident response times" to demonstrate that the response "would have been within the intervening 5–7 minutes so as to avoid the accident," where there was incontrovertible evidence that the time available was actually substantially more than 5–7 minutes and in any event the time was substantial enough to present a jury question as to whether the police would have been able to respond in time to prevent the accident.

6.  Whether the trial court erred in dismissing the Complaint because "the cause of the tire failure cannot be determined in the absence of the subject tire" when Defendants did not comply with their duty to preserve the tire, and when the Absence of Evidence jury instruction would create a disputed question of fact as to the condition of the tire.

7. Whether the trial court committed error in refusing to consider Plaintiff's legal argument that sanctions should be imposed against the Defendants, with the error occurring when the court applied the factors to be used in determining whether to consider *additional evidence*, as stated by the Tennessee Supreme Court in *Harris v. Chern*, 33 S.W.3d 741, 742 (Tenn. 2000) to the aspect of Plaintiff's Motion for Reconsideration that merely requested the Court to consider *additional legal argument*.

8. The overall issue of whether the trial court erred in granting Defendants' Motion for Summary Judgment by the orders entered on or about September 10, 2020 and October 2, 2020.

breached that duty; (3) whether Plaintiff presented competent evidence of causation linking Mr. McMillin's duty to call law enforcement to Plaintiff's injury; and (4) whether application of the "Absence of Evidence" jury instruction applies under these facts and, if so, whether Plaintiff presented competent evidence to create a genuine issue of material facts so as to defeat a motion for summary judgment as it relates to the negligent tire maintenance claim.

**STANDARD OF REVIEW**

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.* In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it "may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264.

When a motion for summary judgment is made and supported as provided in Tennessee Rule of Civil Procedure 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* at 265. Instead, the nonmoving party must respond with specific facts showing there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

**ANALYSIS**

**I. FAILURE TO PLEAD A COMMON-LAW CLAIM OF NEGLIGENCE**

Defendants argue that the trial court erred by finding that Plaintiff's Complaint pleaded a common-law claim for negligence based on Mr. McMillin's failure to remove the tire debris or warn others. Plaintiff responds that Defendants waived this issue by not raising it before the trial court. We agree that Defendants waived this issue.

In its Order of Partial Summary Judgment, the trial court asked Defendants for additional briefing on two issues: (1) "whether Plaintiff's Fourth Amended Complaint as written states a common law claim for negligence for failing to retrieve the tire tread from the roadway or place triangles near the tire carcass to warn motorist[s]" and (2) "whether any such claim is also subject to summary dismissal at this time based upon factual and legal arguments." In their Supplemental Brief, Defendants addressed only the latter of these two issues and, significantly, they did not raise the defense that such a claim had not been affirmatively pleaded.

Subject to some exceptions not applicable here, "issues are properly raised on appeal . . . when they have been raised and preserved [in the trial court]." *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012); *see also Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976) (explaining that appellate courts are courts "of appeals and errors," and "are limited in authority to the adjudication of issues that are presented and decided in the trial courts"). Moreover, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Tenn. R. Civ. P. 15.02.

Here, Defendants did not dispute or otherwise preserve the issue of whether the Fourth Amended Complaint stated a claim of common-law negligence based on Mr. McMillin's alleged duty to remove the tire tread and warn other motorists, despite the trial court's invitation for briefing on that issue. As a result, we find Defendants failed to preserve this issue for appeal.

## II. FAILURE TO REMOVE DEBRIS OR WARN OTHERS

Duty is the first of several elements that a plaintiff must prove to establish a prima facie negligence claim. *See Cotten v. Wilson*, 576 S.W.3d 626, 637 (Tenn. 2019). Whether a duty exists is "a question of law to be determined by courts." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). Thus, a motion for summary judgment "may be used to determine whether a defendant owes a duty to a plaintiff in a particular circumstance." *Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003) (citations omitted).

Duty has been defined as the legal obligation owed by a defendant to a plaintiff "to conform to a reasonable person standard of care for the protection against unreasonable risks of harm." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). "A risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *Id.*

In *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347 (Tenn. 2008), the Tennessee Supreme Court articulated several factors to be considered when determining whether a duty of reasonable care exists:

(1) the foreseeable probability of the harm or injury occurring; (2) the possible magnitude of the potential harm or injury; (3) the importance or social value of the activity engaged in by the defendant; (4) the usefulness of the conduct to the defendant; (5) the feasibility of alternative conduct that is safer; (6) the relative costs and burdens associated with that safer conduct; (7) the relative usefulness of the safer conduct; and (8) the relative safety of alternative conduct.

*Id.* at 365.

Here, the trial court concluded that Mr. McMillin did not have a duty to retrieve the tire carcass from the roadway after weighing several of the *Satterfield* factors:

[T]his Court finds that it is not a normal response for a person to enter a[] six-lane interstate with vehicle speeds of 55–65 mph, on foot, without any safety protocol in place to retrieve a piece of tire that came off of his vehicle. Therefore, this Court finds that there was no duty for Defendant McMillin to retrieve the tire debris from I-24 as a matter of law when weighing the foreseeability of injury to third person; the gravity of the harm to Defendant and others, including Plaintiff; and the burden on the Defendant in doing so.

In reaching its decision, the court was particularly persuaded by two federal district-court cases, *Bice v. Cooper Tire & Rubber Co.*, No. 3:15-CV-862, 2016 WL 6875973 (M.D. Tenn. Nov. 22, 2016), and *Hensley v. Rector*, No. 2:03-CV-343, 2005 WL 3088353 (E.D. Tenn. Nov. 17, 2005). In *Bice*, the court stated that it was "not a normal response" to a tire blowout to "enter the Interstate on foot, without any safety protocol in place" to try to retrieve the tire debris. 2016 WL 6875973, at *4. The court reasoned that "a pedestrian in the roadway is itself a clear safety threat that supersedes any risk from debris." *Id.* In *Hensley*, another court found that traveling across an interstate highway on foot was "not only an illegal act but grossly negligent." 2005 WL 3088353, at *3.

We agree with the trial court's analysis and its conclusion. As stated in *Satterfield*, the factors to be considered when determining whether a duty exists include "the feasibility of alternative conduct that is safer," "the relative costs and burdens associated with that safer conduct," and "the relative safety of alternative conduct." 266 S.W.3d at 365. In this case, retrieving the tire tread would have required Mr. McMillin to walk—or run—into the middle of an active interstate highway. This cannot be described as relatively safe conduct. The associated costs and burdens of attempting to retrieve the tire are readily apparent given the high rate of speed at which motorists drive on closed-access highways such as Interstate 24.

We recognize that the first factor in *Satterfield* is "the foreseeable probability of the harm or injury occurring," *see id.*, and that the presence of a large tire tread in the middle of an interstate highway poses a foreseeable risk of harm or injury to motorists.

Nonetheless, requiring Mr. McMillin to traverse the highway, gather the debris, and return to the shoulder would simply compound the risk of harm. *See Bice*, 2016 WL 6875973, at \*4 ("[A] pedestrian in the roadway is itself a clear safety threat that supersedes any risk from debris.").

The same reasoning applies to Mr. McMillin's alleged duty to warn others about the tire tread. In his Fourth Amended Complaint, Plaintiff asserted that Mr. McMillin acted negligently when he failed to place "triangles to warn other motorists to avoid the scene." Like walking onto an interstate highway to retrieve tire debris, walking onto an interstate highway to place *additional* objects around the tire debris cannot be described as relatively safe conduct.

For these reasons, we affirm the trial court's decision to dismiss Plaintiff's common-law claim for negligence based on the alleged failure to retrieve or warn others about the tire debris.

### III. FAILURE TO CALL LAW ENFORCEMENT

In the Fourth Amended Complaint, Plaintiff alleged that Mr. McMillin acted negligently when he "failed to call local police, the Tennessee Highway Patrol or any other governmental personnel and inform them of the tire carcass in the roadway." The trial court summarily dismissed the claim based on the determination that Plaintiff could not establish causation.[7] Plaintiff contends this was error.

In their Motion for Summary Judgment, Defendants argued that there was "no evidence that had local police or Tennessee Highway Patrol been called, that they would have responded and retrieved the tire carcass in the intervening 5–7 minutes before Plaintiff encountered it." Moreover, Defendants relied on the fact that Mr. McMillin took affirmative action by calling Best One to provide roadside assistance and was told that they were on the way. Plaintiff responded to this assertion by simply contending that Mr. McMillin "had a duty to do more than sit in his truck and call his supervisor and the tire company."

In its Order of Partial Summary Judgment, the court found that Plaintiff could not establish causation as to his claim that Mr. McMillin was negligent for failing to call law enforcement:

---

[7] The trial court did not make an express determination that Mr. McMillin had an affirmative duty to call local police, the Tennessee Highway Patrol, or any other governmental personnel and inform them of the tire carcass in the roadway. The trial court did, however, determine that Plaintiff failed to present sufficient facts to establish causation concerning this claim. Accordingly, it is implicit in the trial court's ruling that Mr. McMillin had a duty to call, and the parties do not raise this as an issue in this appeal.

Plaintiff cannot establish causation as to . . . his claim that the Defendants were negligent for failing to call local police, the Tennessee Highway Patrol, or other government personnel and inform them of the tire carcass in the roadway. Plaintiff has presented no evidence of incident response times by law enforcement or any other competent or admissible evidence to demonstrate that had Defendant contacted law enforcement immediately following the [tire failure] any such responses would have been [within] the intervening 5–7 minutes so as to avoid the accident. As such, Plaintiff cannot establish causation as to this aspect of his claim.

Plaintiff contends that the trial court overlooked two important facts in its analysis. First, Mr. McMillin's deposition testimony shows there were more than 5–7 minutes between the time of the tire blowout and the accident. Second, the deposition testimony of Metropolitan Police Department Officer W.A. Whitworth provides evidence that law enforcement could have responded to a call in 9 minutes. Thus, Plaintiff argues that there was enough evidence to create a genuine issue of material fact as to whether law enforcement could have responded in time.

However, Plaintiff failed to present these facts in his initial response to Defendants' Motion for Summary Judgment or in his subsequent Motion for Reconsideration. When a motion for summary judgment is made and supported as provided in Tennessee Rule of Civil Procedure 56, the nonmoving party must respond with specific facts showing there is a genuine issue for trial. *Rye*, 477 S.W.3d at 265. In addition to responding to the moving party's statement of material facts, the nonmoving party may file its own statement of additional facts. *See* Tenn. R. Civ. P. 56.03. Plaintiff, however, failed to set forth the facts he now relies upon in his response in the trial court.

In Paragraph 14 of their Statement of Undisputed Material Facts, Defendants asserted that "[a]pproximately 5–7 minutes passed between the time of Defendant's tire blow out and Plaintiff's accident." Plaintiff responded, "Plaintiff admits the averments contained in Paragraph 14 for the purposes of this Summary Judgment matter." Moreover, and significantly, Plaintiff did not file an additional statement of facts and did not mention Officer Whitworth's testimony to rebut Plaintiff's assertion that there was "no evidence that had local police or Tennessee Highway Patrol been called, that they would have responded and retrieved the tire carcass in the intervening 5–7 minutes before Plaintiff encountered it."

Because "the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party," *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (citation omitted), we find the trial court did not err by relying on the undisputed facts stated in Defendants' Statement of Material Facts. Accordingly, we affirm the trial court's ruling on this claim.

- 11 -

IV. DISCOVERY SANCTION AND MOTION TO ALTER OR AMEND

Plaintiff contends the trial court erred by denying his Motion for Reconsideration. In that motion, Plaintiff asked the court to alter or amend its Order for Partial Summary Judgment and give Plaintiff an adverse-inference jury instruction as a Rule 37 discovery sanction for Defendants' failure to preserve Mr. McMillin's tire. Plaintiff argues that the adverse-inference instruction would have created "a disputed question of fact as to the condition of the tire."[8] Plaintiff's request for an adverse-inference ruling was based on the reasoning in *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734 (Tenn. 2015), that "the intentional spoliation or destruction of evidence relevant to a case raises a presumption, or, more properly, an inference, that the evidence would have been unfavorable to the cause of the spoliator." *Id.* at 741 (quoting *Thurman-Bryant Elec. Supply Co., Inc. v. Unisys Corp., Inc.*, No. 03A01-CV00152, 1991 WL 222256, at *5 (Tenn. Ct. App. Nov. 4, 1991)).

The trial court analyzed Plaintiff's Motion for Reconsideration under Rule 54.02 and found that the motion was, in essence, too-little-too-late. The court noted that Plaintiff learned about the loss of the tire over six years prior, in October 2013, but had not explained why he waited to move for discovery sanctions. Accordingly, the trial court found the request to alter or amend the summary judgment order was unavailing.

We review a trial court's decision to grant or deny a motion to alter or amend under an abuse of discretion standard. *See Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305 (Tenn. 2020). The abuse of discretion standard does not allow reviewing courts to substitute their discretion for that of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Still, the abuse of discretion standard does not "immunize a [trial] court's decision from any meaningful appellate scrutiny":

> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions.

*Id.*

---

[8] Plaintiff contended he was entitled to a discovery sanction pursuant to Tennessee Rule of Civil Procedure 34A.02, which reads: "Rule 37 sanctions may be imposed upon a party or an agent of a party who discards, destroys, mutilates, alters, or conceals evidence."

There is no dispute over the first element of the abuse of discretion framework, whether the facts the trial court relied on are properly supported by evidence in the record. Instead, Plaintiff's challenge falls under the second element, whether the court properly identified and applied the most appropriate legal principles applicable to the decision. Specifically, Plaintiff contends the trial court erred by applying the multifactor test for Rule 54.02 motions as stated in *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000).

In *Harris*, the Tennessee Supreme Court adopted "a non-exclusive balancing test to be applied" to Rule 54.02 motions "when additional evidence is submitted to overcome a grant of partial summary judgment."[9] *Id.* at 745. The test set forth in *Harris* includes five factors:

> When additional evidence is submitted in support of a Rule 54.02 motion to revise a grant of summary judgment, a trial court should consider, when applicable: 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor.

*Id.*

Although Plaintiff argues on appeal that the trial court erred by relying on the *Harris* test, Plaintiff himself cited and relied on the *Harris* test in his Motion for Reconsideration. Thus, we find Plaintiff's contention on appeal that the trial court erred by applying these factors is not well-taken.

More significantly, we find that the trial court applied the correct legal principles by relying on the *Harris* test because Plaintiff's Motion for Reconsideration relied on evidence that could have been, but was not, submitted in his initial response to the Motion for Summary Judgment. The third *Harris* factor is "the explanation offered by the movant for its failure to offer the newly submitted evidence **in its initial response** to the motion for summary judgment." *Id.* (emphasis added). The trial court considered this factor and found that Plaintiff provided no reasonable explanation.

On this note, Plaintiff argues that the *Harris* test applies only when a party is seeking to introduce "newly submitted" evidence, and the evidence of spoliation was not "newly submitted" because it was filed with the court before the first summary judgment hearing.

---

[9] Plaintiff filed his Motion for Reconsideration after the trial court announced it was granting summary judgment on all claims except the common-law claim based on Mr. McMillin's failure to retrieve the tire or warn others.

Specifically, Plaintiff filed a copy of Best One's repair records three days before the first summary judgment hearing in August 2020. Plaintiff did not, however, file the repair records or allege spoliation in his **initial response** to Defendants' Motion for Summary Judgment. Further, when he filed the records just days before the hearing, Plaintiff did not include a motion or otherwise explain the significance of the records. Moreover, Plaintiff did not bring up the records or the issue of spoliation during the summary judgment hearing. Thus, we find the trial court acted appropriately by treating the Best One's repair records as "newly submitted" evidence under the *Harris* test.

The final factor for consideration under the abuse of discretion framework is whether the trial court's decision falls within the range of acceptable alternatives. *See Lee Med., Inc.*, 312 S.W.3d at 524. In considering this factor, we must be mindful of the limitations set forth in the abuse of discretion standard:

> [T]he abuse of discretion standard of review does not permit an appellate court to substitute its judgment for that of the trial court. Rather, because, by their very nature, discretionary decisions involve a choice among acceptable alternatives, reviewing courts will not second-guess a trial court's exercise of its discretion simply because the trial court chose an alternative that the appellate courts would not have chosen. Accordingly, if the reviewing court determines that reasonable minds can disagree with the propriety of the decision, the decision should be affirmed.

*Harmon*, 594 S.W.3d at 306 (alteration in original) (quoting *State v. McCaleb*, 582 S.W.3d 179, 186 (Tenn. 2019)).

The trial court acknowledged that the theory and evidence of spoliation were important to Plaintiff's case. But the court found that the theory and evidence of spoliation were available to Plaintiff long before the hearing on Defendants' Motion for Summary Judgment in August 2020 because Plaintiff had known of the spoliation issue since October 2013—nearly seven years earlier. The court also found that Plaintiff offered no explanation for not raising the spoliation issue in response to Defendants' Motion for Summary Judgment. Weighing these factors, the court denied Plaintiff's Motion for Reconsideration. We find this decision is not outside the range of acceptable dispositions. Accordingly, we affirm the trial court's ruling on this issue.

### IN CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Costs of appeal are assessed to Isaac D. Walker.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 14 -